UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RODNEY M. GRIMES**                                                                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:24CV-P484-JHM**

**DAVID STENGEL** *et al.*                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney M. Grimes filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. Plaintiff filed the complaint (DN 1) and a separate motion in which he alleges additional facts (DN 14). The Court construes the motion as a motion to amend the complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a). The complaint and amendment are now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff sues David Stengel; Gerina D. Whethers; the Jefferson County Commonwealth Attorney; Assistant Commonwealth Attorney Phil Bronson; Louisville Metro Police Department (LMPD) Officers Remy Hammock and Shelton; and Public Defender Micheal Bruce Harrell. He sues Bronson, Hammock, Shelton, and Harrell in their individual and official capacities and does not state in what capacity he sues Stengel or Whethers.

Plaintiff states that on August 22, 2023, he was "fully 'aquitted' & found not guilty of (7) false charges from a frivolous & targeting traffic stop false charge's of improper turn signal 100% harassment from defendant's LMPD Remy Hammock and LMPD Shelton." He asserts that this was a violation of his due process rights and identifies the case number as 19-CR-000604. He states, "False charge's = false indictment Jefferson Circuit Court." He further states, "These (2)

defendant's charged Plaintiff with a slew of 'false' and bogus charge's lacking probable cause & proper procedure's & clear lack of evidence." Plaintiff further alleges the following:

> The LMPD has made a bad; sham; & illegal practice of pulling black male's over: lieing saying in their report's that they as in Grimes case: a failure to or illegal turn signal or 2 excessive window tinting; just to harass or illegal stop search & seizure of African Americans without probable cause violating our due process & constitutional right's then come's the false drug (cocaine or heroin) charge's no physical evidence which Grimes never even had; but was still charge & false arrest & incarcerated by LMPD (2) defendant's 1 Hammock & 2 Shelton.

Plaintiff also states, "Acquitted of bogus charge's & false indictment 'biasly' brought forth by defendant's Commonwealth Attorney: Gerina D. Whethers & Ass: Commonwealth Attorney Phillip Bronson: false indictment & hoaxed/sham grand jury proceeding unfair action; false info: (lack of evidence) – malicious prosecution." He continues, "Defendant; P.D. Micheal Harrell was well 'aware' of the above const: violations & refuse to fully, effective, & adequately, defend the Plaintiff. Instead he 'threaten' the Plaintiff, called him racial slur, refused to provide him with any *document* from the case." Plaintiff alleges that Defendant Harrell "intentionally railroaded the Plaintiff in full 'cahoots' with the defendant's."

Plaintiff references an investigation of the LMPD by the United States Justice Department which he states shows "bad and illegal treatment of African Americans." He asserts that he was a victim and "target of a 100% abusive, unequal, & unfair Louisville Court Judicial Court" and a "dirty & sham system and LMPD cop's with a vendetta." He also alleges, "100% fake charge's, no due process, cop perjury, false report, false indictment, unlawfully railroading, 'breach' of plea bargains, & swapping of prosecutor's 100% deceptions. Anything to illegally secure a clear 'wrongful' conviction."

As relief, Plaintiff seeks compensatory and punitive damages, injunctive relief, and "release from illegal detention."

2

In the amended complaint, Plaintiff alleges that on January 10, 2019, he was targeted and "100% profiled by 2-3 LMPD cop's." He states that he was stopped without probable cause in violation of the Fourth Amendment and that his vehicle was searched by multiple officers and a police K-9 and then impounded. He states this violated his right to due process. Plaintiff further states that while his vehicle was impounded Defendants "fram[ed] him with 'multi' drug's at the impoundment lot in the middle of the night useing a fake & unlawful warrent to research the same truck & planting 'multi' drugs inside the truck before he was able to come and pick up the vehicle . . . ." Plaintiff also alleges that the same officers also planted more drugs in an "old u,haul storage unit some week's later useing another fake & unlawful warrent . . . ." He states that the unit was not his and not in his name. He states, "These fake, old, & planted drug's were never lab tested, & [Plaintiff] was never provided a police report, chain of custody form's, none of the cop's ever came to court for fair cross examination." He asserts that he was the "victim of malicious & bias prosecution."

In addition, under the heading "False Arrest," Plaintiff states, "Found guilty of meth (5) year's later with no lab test or discovery evidence. Never had pocession of meth; found guilty on the word of power starved, bias, unfair, Louisville 'buddy-system' who even breached my (1) year probation plea bargin agreement between the judge; prosecutor; & public defender." He states, "On October 5, 2023, I was wrongfully sentence to (10) year's in prison; without motion for discovery documentation of evidence or a fair right to cross examine my accusor's – all LMPD cops involved who never came to court in almost (5) year's."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

3

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,

48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *A. Stengel*

Plaintiff lists Stengel as a Defendant but makes no allegations against him. The Court takes judicial notice that Stengel is a former Commonwealth Attorney for Jefferson County. To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff makes no allegations of any personal involvement in the alleged events by Stengel. Therefore, Plaintiff's claim against Stengel will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Whethers, Bronson, and Jefferson County Commonwealth Attorney*

Plaintiff alleges that Whethers and Bronson were employees of the Jefferson County Commonwealth Attorney and brought charges against him. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). As prosecutors on behalf of the Commonwealth, these Defendants are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages against these Defendants must be dismissed for seeking monetary damages from defendants immune from such relief and for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's individual-capacity claims against these Defendants, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); *see also*

*Ramsey v. Rivard*, 694 F. Supp. 3d 955, 977-79 (E.D. Mich. 2023) (malicious prosecution claim against prosecutor barred by prosecutorial immunity). Plaintiff's claims against Whethers, Bronson, and the Jefferson County Commonwealth Attorney are barred by prosecutorial immunity, and the individual-capacity claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### C. Harrell

Plaintiff also sues Harrell, his criminal defense attorney. It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against Harrell arising out of his role as Plaintiff's criminal defense attorney must be dismissed for failure to state a claim upon which relief may be granted.

### D. Hammock and Shelton

#### 1. False arrest, racial profiling, and illegal search and seizure

Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the

7

issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Therefore, Plaintiff's statute of limitations on his false arrest claim began to run on the date of his arrest, on January 10, 2019, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations expired one year later. Because the complaint was not filed until August 14, 2024,[1] approximately four and a half years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's false arrest claim is untimely and must be dismissed as frivolous.

Plaintiff also alleges racial profiling. A claim for racial profiling accrues on the date of the traffic stop. *Wright v. Louisville Metro Police Dep't*, No. 3:19-cv-760-DJH, 2020 U.S. Dist. LEXIS 68297, at *7 (W.D. Ky. Apr. 17, 2020) (citing *Delaney v. Johnson City, Tenn. Police Dep't*, No. 2:09-CV-269, 2011 U.S. Dist. LEXIS 11784, at *8 (E.D. Tenn. Feb. 4, 2011)). Therefore, Plaintiff's claims based on racial profiling are also untimely and must be dismissed as frivolous.

Similarly, Plaintiff's claims related to the allegedly unlawful search and seizure accrued on the date of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir.

---

[1] Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

2008) (the statute of limitations on a claim based upon allegations of unlawful search and seizure begins to run on the date of the search); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same). Thus, Plaintiff's claims for illegal search and seizure are barred by the statute of limitations and must also be dismissed as frivolous.

### *2. Malicious prosecution*

Upon review, the Court will allow Plaintiff's malicious prosecution claims to proceed against Defendants Hammock and Shelton in their individual and official capacities. *See Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). In allowing these claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### *3. Violation of due process*

Plaintiff also alleges violations of his right to due process. "'[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Davis v. Gallagher*, 951 F.3d 743, 752 (6th Circ. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). The Sixth Circuit has "said the same with respect to malicious prosecution claims specifically: they should be pursued by way of the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Durham v. Estate of Losleben By & Through Tatum*, 744 F. App'x 268, 270 (6th Cir. 2018)). In *Davis*, the Sixth Circuit found that the plaintiff's Fourth Amendment malicious prosecution claim "self-evidently rests upon a specific constitutional provision" which "forbids him from duplicating those claims by repackaging them as matters of substantive due process." *Id.* Therefore, the Court finds that Plaintiff's general allegations of violations of due process must be analyzed under the Fourth

Amendment. Accordingly, Plaintiff's claims for violations of due process will be dismissed for failure to state a claim upon which relief may be granted.

### *4. Challenge to conviction*

Plaintiff makes numerous allegations that his conviction was unlawful, and he seeks release. Plaintiff cannot challenge his conviction in this action. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff does not allege that his conviction was reversed on appeal or otherwise invalidated. Therefore, Plaintiff's allegations challenging the validity of his conviction and seeking release must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Stengel, Whethers, Bronson, Jefferson County Commonwealth Attorney, and Harrell are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on false arrest, racial profiling, illegal search and seizure, violation of due process, and the challenge to his conviction are

10

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** Stengel, Whethers, Bronson, Jefferson County Commonwealth Attorney, and Harrell as Defendants in this action because no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:   February 14, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants Hammock and Shelton
        Jefferson County Attorney
4414.010

11