# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RODNEY M. GRIMES**                                                                             **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:24CV-P484-JHM**

**DAVID STENGEL *et al.***                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Rodney M. Grimes filed the instant *pro se* action under 42 U.S.C. § 1983. Defendants Remy Hammock and Officer Shelton filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (DN 30). Plaintiff filed a response to the motion (DN 34), and Defendants filed a reply (DN 38). For the reasons that follow, the motion to dismiss will be granted.

### I.

Plaintiff alleges in the complaint that on August 22, 2023, he was "fully 'aquitted' & found not guilty of (7) false charges from a frivolous & targeting traffic stop false charge's of improper turn signal 100% harassment from defendant's LMPD Remy Hammock and LMPD Shelton." He states that Defendants Hammock and Shelton "charged Plaintiff with a slew of 'false' and bogus charge's lacking probable cause & proper procedure's & clear lack of evidence." Plaintiff further alleges as follows:

> The LMPD has made a bad; sham; & illegal practice of pulling black male's over: lieing saying in their report's that they as in Grimes case: a failure to or illegal turn signal or 2 excessive window tinting; just to harass or illegal stop search & seizure of African Americans without probable cause violating our due process & constitutional right's then come's the false drug (cocaine or heroin) charge's no physical evidence which Grimes never even had; but was still charge & false arrest & incarcerated by LMPD (2) defendant's 1 Hammock & 2 Shelton.

In his amended complaint, Plaintiff states that the alleged illegal search occurred on January 10, 2019, when he was targeted and "100% profiled by 2-3 LMPD cop's." He states that he was stopped without probable cause in violation of the Fourth Amendment and that his vehicle was searched by multiple officers and a police K-9 and then impounded. Plaintiff alleges that Defendants Hammock and Remy planted drugs in his car and in a storage unit. He states that he was wrongfully sentenced to ten years in prison.

Upon initial review of the complaint and amended complaint pursuant 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims for malicious prosecution to proceed against Defendants Hammock and Shelton in their individual and official capacities.[1]

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[1] The Court dismissed other claims and defendants under § 1915A. The Court did not include the allegations related to the dismissed claims herein.

2

standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In ruling on a motion to dismiss, the Court may "only consider matters properly part of the complaint or pleadings." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). However, "[i]f referred to in a complaint and central to the claim, documents attached to a motion to dismiss" may be considered without the motion being treated as a motion for summary judgment. *Id*. at 344. Further, the Court may take judicial notice of proceedings in another court. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quotation omitted).

### III.

Defendants argue that Plaintiff's claims must be dismissed because his motion in his criminal action to suppress the evidence from his initial traffic stop was denied and the Kentucky Court of Appeals affirmed the denial. They argue that because of these rulings Plaintiff cannot satisfy the elements of a malicious prosecution claim and that the claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Malicious prosecution claims arise out of an individual's Fourth Amendment right to be secure in their persons against unreasonable seizures. *See Thompson v. Clark*, 596 U.S. 36 (2022). The elements of a Fourth Amendment malicious prosecution claim are: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute'"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a 'deprivation of liberty' . . . apart from the initial seizure"; and (4) that "the

3

criminal proceeding must have been resolved in the plaintiff's favor." *Tlapanco v. Elges*, 969 F.3d 638, 654-55 (6th Cir. 2020) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (2010)).

A malicious prosecution claim can also be brought under Kentucky state law. The elements for a state-law claim are the same in substance as those required for a Fourth Amendment claim, with the only exception being that a claim under Kentucky state law requires a showing that the defendant "acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice[.]" *Ward v. Borders*, No. 3:16-CV-393-RGJ, 2021 U.S. Dist. LEXIS 188983, at *23 (W.D. Ky. Sept. 30, 2021) (citing *Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016)). In any event, both a Fourth Amendment and a state-law malicious prosecution claim require a showing of lack of probable cause for initiating the criminal prosecution and resolution of the criminal proceedings in the plaintiff's favor.

"[P]robable cause to initiate criminal prosecutions exists where facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." *Webb v. United States*, 789 F.3d 647, 666 (6th Cir. 2015)). The Supreme Court has repeatedly emphasized that this is not a "high bar" to clear. *Kaley v. United States*, 571 U.S. 320, 338 (2014). After all, "it requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 583 U.S.48, 57 (2018) (cleaned up). The Sixth Circuit has held that "where a state affords an opportunity to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose re-litigation of that finding in a subsequent § 1983 action." *Buttino v. City of Hamtramck*, 87 F. App'x 499, 503 (6th Cir. 2004).

Defendants attach to their motion to dismiss the Opinion and Order of the Jefferson Circuit Court denying Plaintiff's motion to suppress evidence arising out of the January 10, 2019, traffic stop. That court concluded as follows:

> After examining the totality of the circumstances around Mr. Grimes' arrest and the subsequent searches at issue here, the Court is unable to conclude that his rights were violated by Officer Hammock. The initial stop was permissible, and the evidence discovered during that stop gave the officers probable cause to pursue the investigation to its conclusion.

(DN 30-1, PageID#: 157).

While Plaintiff was acquitted on some of the charges against him, as he alleges in the complaint, he was convicted by a jury of "multiple counts of drug trafficking[,]" and he appealed his conviction. *Grimes v. Commonwealth*, No. 2023-CA-1378-MR, 2024 Ky. App. Unpub. LEXIS 570, at *1 (Ky. App. Oct. 4, 2024), *discretionary review denied* (Ky. Feb. 13, 2025). Defendants also cite the Kentucky Court of Appeals decision affirming Plaintiff's conviction. Among other issues, Plaintiff appealed the trial court's denial of his motion for suppression of the evidence obtained from the traffic stop by Defendants Hammock and Shelton at issue in this action. The Kentucky Court of Appeals held, "The circuit court's finding of observed traffic violations is supported by substantial evidence and is not clearly erroneous. The events after the initial stop provided additional suspicion and ultimately probable cause for further searches." *Id.* at *5.

Taking judicial notice of the Jefferson Circuit Court Opinion and Order and the Kentucky Court of Appeal decision, the Court concludes that both courts found that probable cause existed for the search of Plaintiff's vehicle and that Plaintiff cannot relitigate the finding of probable cause in this civil action. *See Harmon v. Harper*, 3:19-CV-823-CRS, 2020 U.S. Dist. LEXIS 97756, at *7-8 (W.D. Ky. June 3, 2020) (granting Rule 12(b)(6) motion on false arrest claim on

5

grounds that "[t]he finding of probable cause was necessary to the state court's determination of whether to suppress evidence and the court affirmatively determined that [the officer] had probable cause to arrest [the plaintiff]" and that the plaintiff "cannot get a second bite at the apple in this case")). Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(6) on this basis.

In addition, to establish a malicious prosecution claim under either the Fourth Amendment or Kentucky law, a plaintiff must establish resolution of the criminal proceeding in Plaintiff's favor. While Plaintiff was acquitted on some charges, it is clear from the Kentucky Court of Appeals decision that he was convicted on multiple drug charges stemming from the July 2019 search. Dismissal is appropriate for this reason, as well.

By the same token, the Court finds that Plaintiff's claims are also barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . -if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

A ruling in this case that Plaintiff was subjected to malicious prosecution as a result of Defendants' conduct would necessarily imply the invalidity of Plaintiff's conviction and sentence. A review of Kentucky state-court records shows that, following a jury trial, Plaintiff

6

was convicted of multiple drug charges and that his conviction has not been reversed or otherwise invalidated. Therefore, Plaintiff's claims in this action must also be dismissed as barred by *Heck*.

### IV.

Finally, a review of the docket shows that Plaintiff has filed three motions since Defendants filed the motion to dismiss (DNs 33, 35, and 41). The Court has carefully reviewed these motions and finds nothing that negates the Court's decision herein. The Court notes that two of the motions (DNs 33 and 41) seek an injunction in the form of release from incarceration. Plaintiff cannot seek release as relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, **IT IS ORDERED** that Plaintiff's request for release in the pending motions (DNs 33 and 41) is **DENIED**.

Moreover, in Plaintiff's motion for contempt and seeking other relief (DN 41), he makes various allegations of violations of his rights by personnel of the Blackburn Correctional Complex (BCC). Plaintiff cannot seek relief in this action concerning these allegations because those claims are not properly before this Court in this action and the BCC personnel are not parties to the case. Should Plaintiff wish to assert claims based on those allegations, he must do so in a separate civil action. Therefore, **IT IS FURTHER ORDERED** the motion seeking relief based on the conduct of non-Defendants (DN 41) is **DENIED**. All other relief requested in the pending motion is **DENIED as moot**.

## V.

For the reasons stated herein, and the Court being otherwise sufficiently advised,

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (DN 30) is **GRANTED** on grounds the complaint fails to state a claim upon which relief may be granted and is barred by the doctrine set forth in *Heck v. Humphrey*. The Court will enter a separate Order dismissing the case.

Date: July 23, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.010